## THE STATE v. MORSE.

1. **Auditor:** CRIMINAL LAW: FALSE CERTIFICATE. Where the county auditor gave a false certificate of the receipt by the treasurer of a certain sum in payment of interest upon a loan of the school fund, it was held that such act constituted a crime under section 3968 of the Code, although the auditor is authorized to issue in case of such payment a receipt and not a certificate.

*Appeal from Hardin District Court*

SATURDAY, DECEMBER 6.

THE defendant was charged with having made a false certificate of receipts authorized by law while acting as auditor of Hardin county. Having been convicted and judgment having been rendered upon the verdict he appeals.

*E. W. Eastman,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

ADAMS, J.—The indictment charged, in substance, that the defendant, being auditor of Hardin county, unlawfully and **1. AUDITOR: criminal law: false certificate.** fraudulently delivered to one Robert Lynk a false certificate of receipts authorized by law in the following words:

"This is to certify that Robert Lynk has paid to the treasurer of Hardin county the sum of $50, in full of interest for 1876 on note made by J. M. Scott, dated March 17, 1869, for $500, as shown by treasurer's receipt.

(Signed)            D. B. MORSE, *Auditor*."
"*Eldora, Dec. 26, 1878.*

The indictment further charged that, in fact, said Lynk had not made such payment, and the treasurer had not issued such receipt, and that the defendant issued the certificate, knowing it to be false, and with the intent to defraud said Lynk.

The defendant demurred to the indictment on the ground that the acts charged did not constitute a crime under any statute.    The court overruled the demurrer, to which the defendant excepted.

The indictment was evidently drawn under section 3968 of the Code, which is as follows: "If any public officer fraudulently make or give false entries or returns, or false certificates of receipts in cases where entries or receipts are authorized by law, he shall be fined," etc.

It is insisted by the defendant that the indictment does not show that the certificate of a receipt was given in a case where he was authorized by law to give a certificate of a receipt.

The statute nowhere provides that the auditor shall give a certificate of a receipt.  Section 1867 of the Code provides that he shall, when applied to by a person indebted to the school fund, give a certificate as to the amount due from such person to the school fund.  But the certificate given in this case is not of that character.  The certificate given was intended to show that Lynk had made a certain payment to the county treasurer. Section 1867 provides that where payment is made to the county treasurer, the evidence of such payment shall be given by the auditor.  The writing constituting such evi-

dence is called in the statute a receipt, and not a certificate, or certificate of receipt. The fact then appears to be that the defendant gave a false certificate of a receipt where a receipt is authorized, and the question is as to whether this constitutes a crime under the statute. In our opinion it does. We regard it as expressly so provided. The certificate of a receipt was given to show precisely what a receipt would have shown.

It is urged, however, by the defendant, that the giving of the certificate could not have the effect to defraud Lynk, if, as the indictment states, no payment was made by Lynk.

To this, we think it may be said that it was not necessary to charge an intent to defraud Lynk. Besides, it may be that the giving of the certificate was a part of a scheme to defraud Lynk. It would be so if the defendant, by giving the certificate, induced Lynk to make payment to him under the supposition that he was thereby making payment to the school fund, contrary to the fact.

Some other errors are assigned, but the view we have taken of the case renders their consideration unnecessary.

AFFIRMED.